DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:24-CR-00702-ODW |
| v. ) | |
| ) | |
| ALEXANDER SMIRNOV, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

**DEFENDANT'S SUPPLEMENT TO JOINT STIPULATION FOR RELEASE PENDING APPEAL UNDER 18 U.S.C. § 3143(b)(1)**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and

1

hereby submits this Supplement to the Joint Stipulation for Release Pending Appeal Under 18 U.S.C. § 3143(b)(1) (ECF No. 50).

This Supplement is being submitted as the Court has scheduled a bail hearing as opposed to granting the Joint Stipulation.

**A. Relevant Procedural History:**

On or about February 14, 2024, Mr. Smirnov was arrested and detained in Las Vegas, Nevada. Subsequent to his arrest, Mr. Smirnov was interviewed by Nevada Pretrial Services Officer Emily McKillip who thereafter prepared a Pretrial Services Report recommending that Mr. Smirnov be released on conditions. The conditions essentially required that he: 1) submit to and report for supervision to the U.S. Pretrial Services Offices; 2) actively seek employment; 3) surrender any passport to U.S. Pretrial Services; 4) agree to have his travel restricted to the continental United States; and 5) avoid contact with anyone who is or may be a victim or witness in the investigation or prosecution.

On February 20, 2024, the Magistrate Judge ordered Mr. Smirnov released on conditions that: 1) Mr. Smirnov submit to supervision by Pretrial Services; 2) that he seek employment that is approved by Pretrial Services; 3) that he surrender any passport that he possessed; 4) that he not obtain a new passport or other international travel document; 5) that his travel be restricted to Clark County, Nevada.

Thereafter, without having violated any conditions of his release, Mr. Smirnov was rearrested and brought before this Court for a review of the release order. Prior to the hearing on the review, United States Pretrial Services Officer Fernando Basulto, from the Central District of California, performed additional investigation and, similar to United States Pretrial Services officer in the District of Nevada, recommended that Mr. Smirnov be released on conditions.

Notwithstanding the foregoing, the Court ordered Mr. Smirnov detained.

Mr. Smirnov now has a meritorious appeal pending, and the government has stipulated that he should be granted bail pending appeal (ECF 50). The government has expressly stipulated that Mr. Smirnov is not likely to flee or pose a danger to the safety of any other person or the community if released.

**B. Mr. Smirnov's Background:**

Mr. Smirnov is a dual citizen of the United States and Israel. Besides this case, he has no criminal history in this—or any other—country. He was born in the U.S.S.R. (now Ukraine) and, at approximately seven years old, he immigrated to Israel with his mother. He enlisted in the Israeli military and served in counterterrorism after recruitment by another branch of the Israel government. After his service, Mr. Smirnov immigrated to the United States.

In January 2010, Mr. Smirnov began his service to the United States government working for the U.S. Department of Human and Health Services, to report on health care fraud operations. Shortly thereafter, FBI San Francisco recruited Mr. Smirnov as a CHS after both departments used him in an undercover operation targeting Medicare fraud. He was introduced as highly valuable and trustworthy by an agent of the U.S. Department of Human and Health Services.

Within a few years, he had provided information in support of approximately 37 FBI investigations with multiple FBI Offices around the country. Throughout his decade-plus career as a CHS—a career met with uniformly positive FBI reviews—Mr. Smirnov reported on over 50 FBI investigations spanning ten FBI field offices, FBI Headquarters, and International Operations Division.

Mr. Smirnov is a 44-year-old American citizen that had lived in California for 16 years prior to moving to Las Vegas where he resided for several years.  Mr. Smirnov held a Nevada driver's license and resided in his years-long significant other, Diana Lavrenyuk's home in Las Vegas.  Mr. Smirnov has significant ties to the United States along with stable and long term contacts within his community.

**C. Bail Pending Appeal:**

As stated in the Joint Stipulation, Mr. Smirnov's pending appeal is not for the purpose of delay and raises a substantial question of law or fact, namely, whether relief (in the form of a stipulated withdrawal of a guilty plea upon remand) is warranted where a District Court purports to accept a binding plea agreement under Rule 11(c)(1)(C), but then refuses, at sentencing, to adhere to one of those plea agreement's critical, express conditions.

Paragraph 2 of the Plea Agreement expressly provides:

> Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, including but not limited to the sentencing agreements in paragraph 19, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 26 below be rendered null and void and both defendant and the SCO-W will be relieved of their obligations under this agreement.

Given that the Court did not follow all of the stipulations in paragraph 19 of the Plea Agreement, there is a likelihood of success on appeal, which would render the Plea Agreement null and void.

In accepting the parties plea agreement under Rule 11(c)(1)(C), the district court was bound to enforce *all* the bargained-for terms of that agreement. *See In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007) ("[W]hile the court is free to accept or reject a plea agreement, *it may not do so on a piecemeal basis*, and a Rule 11(c)(1)(C) stipulated sentence 'binds the court once the court accepts the plea agreement' [citing Rule

11(c)(1)(C)]. . . . If the court accepts a plea agreement containing a Rule 11(c)(1)(C) stipulation, it must notify the defendant that 'the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). Conversely, if the court rejects such a plea agreement, it must . . . (2) . . . give the defendant an opportunity to withdraw the guilty plea . . . ." Fed. R. Crim. P. 11(c)(5).") (emphasis added); see also Fed. R. Crim. P. 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)[C] . . . , the court may [1] accept the agreement, [2] reject it, or [3] defer a decision . . . .").

Plea agreements are contractual in nature, and if the terms are clear and unambiguous, we will not look further. *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011).

**D. Conclusion:**

For the foregoing reasons, and based upon the Joint Stipulation for Release Pending Appeal, this Court should grant Mr. Smirnov release on conditions that his travel be restricted to the State of Nevada with the exception of being permitted to travel to San Francisco, California, so his personal physician, Dr. George Tanaka can perform surgery on Mr. Smirnov as a result of his ongoing eye conditions. Surgery had been

6

scheduled for April 23, 2025, in hopes that Mr. Smirnov would have been released. That surgery will be rescheduled upon Mr. Smirnov's release from custody.

Dated this 25th day of April, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

   /s/    David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2025, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

                       /s/ Camie Linnell
                       Employee of Chesnoff & Schonfeld